MEMORANDUM OF DECISION
This case presents a petition for the termination of the parental rights of Caroleen B. and John Doe, the biological parents of one minor child, Nikia B., born on February 1997. Neglect petitions were filed with respect to the child on November 23, 1998. The child was committed to the care of the Department of Children and Families (hereafter "DCF") on May 6, 1999. The child has been in foster care since November 9, 1998.
On January 24, 2001, the mother consented to the termination of her parental rights in open court. She filed a written consent on that date. The court found that the mother voluntarily and knowingly consented to the termination of her rights, having received the advice and assistance of competent legal counsel and having understood the consequences of her actions. Her consent was accepted by the court. (Turner, J.) At that CT Page 3712 hearing, the court excluded the named father, Martin W., as the genetic testing results showed he was not the biological father. The court granted the amendment to the petition to add the name of John Doe as the respondent father, alleging ground A, abandonment as to him.
The court finds that the father of Nikia B., a John Doe, was noticed of the pendency of this action by publication in The Hartford Courant, a newspaper with statewide circulation, on February 1, 2001. No individual has come forward to claim paternity of Nikia B. and no one appeared at trial. The court finds that notice has been given in accordance with the Conn. Gen. Stat. and the Practice Book. No counsel was appointed for the unknown father, as to do so would serve no purpose. The court has jurisdiction in this matter; there is no pending action affecting custody of the child in any other court. The court finds that no efforts were made to reunify the father with his child as the father is unknown. The petition has been amended to allege as the sole ground for termination of the mother, Caroleen B., her consent to the termination. The court having read the verified petition, social study, and three addendums, makes the following findings by clear and convincing evidence.
The identity of the biological father was not disclosed by this child's mother, and he remains unknown. The court finds that DCF has made reasonable efforts to ascertain his identity and whereabouts. The court further finds that the unknown father has never been available to this child so that he could develop a relationship with him. No father has ever come forward to claim any paternity.
The child has been in DCF's care since November, 1998. No one has made any effort to contact DCF to determine the whereabouts or welfare of his child.
 Required Findings
The court makes the following factual findings required by Conn. Gen. Stat. § 17a-112(e) as to the father, John Doe, which findings are made upon clear and convincing evidence:
1. (Finding regarding the timeliness, nature and extent of services offered or provided to the parent and the child by an agency to facilitate the reunion of the child with the parent.)
The biological father has been unknown since the commencement of the department's involvement in this case. It was not possible to offer services for reunification to the father as he has never come forward to claim this child. CT Page 3713
2. (Finding regarding whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the Federal Child Welfare Act of 1980, as amended.)
DCF has been unable to make reasonable efforts as to the father as his identity is unknown.
3. (Finding regarding the terms of any applicable court order entered into and agreed upon by any individual or agency and the parent, and the extent to which all parties have fulfilled their obligations under such order.)
No expectations were ever set for the father as his identity is unknown and to do so would be a useless act.
4. (Finding regarding the feelings and emotional ties of the child with respect to his/her parents, any guardian of his/her person and any person who has exercised physical care, custody or control of the child for at least one year and with whom the child has developed significant emotional ties.)
Nikia clearly has no emotional ties to her unknown biological father. She has been in four placement since November, 1998. DCF has received an Interstate Company Study with approval to place Nikia with a maternal aunt and uncle in Georgia.
5. (Finding regarding the age of the child.)
Nikia is four years old.
6. (Finding regarding the efforts the parent has made to adjust his/her circumstances, conduct, or conditions to make it in the best interest of the child to return him/her to his/her home in the foreseeable future, including, but not limited to:(A) the extent to which the parent has maintained contact with the child as part of an effort to reunite the child with the parent, provided the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communication with the guardian or other custodian of the child.)
The unknown father has done nothing to adjust his circumstances to make it in the best interests of the child to be returned to him.
7. (Finding regarding the extent to which a parent has been prevented from maintaining a meaningful relationship with the child by the unreasonable act or conduct of the other parent of the child, or the CT Page 3714 unreasonable act of any other person or by the economic circumstances of the parent.
There is no evidence that the unreasonable act or conduct of DCF personnel or any other person prevented the respondent father from maintaining a meaningful relationship with his child. DCF has taken all reasonable steps to ascertain the father's identity and to notify him as required by law.
 Adjudication
The mother of Nikia B. has consented to the termination of her rights to her child and the consent has been accepted by the court. No findings are necessary to be made pursuant to General Statutes § 17a-112 due to her consent. With respect to the statutory grounds for termination of parental rights of John Doe, the court finds by clear and convincing evidence the child has been abandoned by the father in the sense that the father failed to maintain a reasonable degree of interest, concern, or responsibility as to the welfare of the child.
 Disposition
Based upon the foregoing findings, the court determines that it is in the best interests of Nikia B. to terminate the rights of her biological parents, Caroleen B., and John Doe. A termination of the parental rights of Caroleen B. and John Doe is ordered. It is further ordered that the Commissioner of the Department of Children and Families be appointed the statutory parent for the child for the purpose of securing an adoptive family and a permanent placement for the child. The Commissioner shall file with this court a written report of efforts to effect such permanent placement by April 16, 2001, and file further reports as are required by state and federal law.
SWIENTON, J.